# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-46-GMN-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TODD C. ENGEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is pro se Defendant Todd C. Engel's ("Defendant's") Motion in Limine to exclude internet postings. (ECF No. 1449).  The Government timely filed a Response. (ECF No. 1456).

## I.   LEGAL STANDARD

### A.  Motion in Limine

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a

trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).  To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### B.  Applicable Rules of Evidence

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

FRE 403 requires the Court to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *see* Fed. R. Evid. 403.  "[P]rejudice alone is insufficient; *unfair* prejudice is required." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing *United States v. Bailleaux*, 685 F.2d 1105, 1111 & n. 2 (9th Cir. 1982)).  Unfair prejudice "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Id.* (internal quotation marks and citation omitted).

As to FRE 404(b), evidence of prior crimes, acts, or wrongs is not admissible to prove the character of an accused in order to show action in conformity with that character. *Arambula-Ruiz*, 987 F.2d at 602; Fed. R. Evid. 404(b)(1).  However, this evidence can be admitted under FRE 404(b) if the evidence is used to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid.

404(b)(2).  In order to be properly admitted under FRE 404(b), evidence must satisfy four requirements: "(1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases [where knowledge or intent are at issue], the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time." *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).  Additionally, where the evidence is directly related to the events in question, it does not constitute "other crimes" evidence barred by Rule 404(b). *United States v. Santiago*, 46 F.3d 885, 888–90 (9th Cir. 1995).

## II.    DISCUSSION

In his Motion in Limine, Defendant seeks to "preclude the admission of irrelevant and highly prejudicial evidence of [Defendant's] alleged internet postings or re-postings" under FRE 402, 403, and 404(b). (Mot. in Limine ("MIL") 1:19–21, ECF No. 1449).  Defendant provides excerpts of a "Facebook Business Record," allegedly from his Facebook account, for the dates of March 30, 2014, to July 29, 2015.[1] (*See* Facebook Records, Ex. A to MIL, ECF No. 1450).  Defendant asserts that these Facebook entries are not relevant to the charges against him in the Superseding Indictment. (MIL 2:24–26).  Additionally, he contends that these Facebook posts are actually "propensity or 'bad character' evidence," requiring exclusion under FRE 404(b). (*Id.* 2:22–23).  Lastly, Defendant asserts that not all of the Facebook postings were made by him: "While in transit, apparently someone other than [Defendant] was posting entries

---

[1] Based on the page numbers in the top right corner of the Facebook Records, these excerpts do not appear to be all of the records during these dates.  The pages provided are mainly right around April 12, 2014, the day of the alleged confrontation between the Bureau of Land Management ("BLM") officers and Defendant and his co-defendants.  Twelve of the fourteen pages refer to April 11–21, 2014.

1   onto his social media accounts."[2] (*Id.* 2:9–11).  However, Defendant does not indicate which

2   posts may have been authored by someone other than himself.

3           The Government responds that Defendant's Facebook entries are relevant because they

4   tend "to show—among other probative matters—his obvious intent to commit the crimes

5   charged in the Superseding Indictment." (Gov't Resp. 1:22–21, ECF No. 1456).  Thus, the

6   Government urges the Court to "summarily reject" Defendant's relevance and FRE 403

7   arguments because the posts demonstrate that Defendant "acted with intent" and these "highly-

8   probative [sic] statements" outweigh any prejudice. (*Id.* 5:8–6:9).  The Government asserts that

9   the evidence is admissible because "under [FRE] 801(d)(2)(A) and 801(d)(2)(E), his statements

10  are admissible against himself and his co-conspirators 'in furtherance of the conspiracy.'" (*Id.*

11  2:13–16).  The Government then states: "This objection goes to the weight of the statements,

12  not their admissibility.  A defendant's own [statements] . . . [are] admissible for whatever

13  inferences the trial judge [can] reasonably draw." (*Id.* 2:22–3:2) (quoting *United States v.*

14  *Warren*, 25 F.3d 890, 894–895 (9th Cir. 1994)).  As to the question of authorship, the

15  Government asserts that it need only establish Defendant authored these Facebook entries by a

16  preponderance of the evidence under FRE 901.  The Government then describes how it intends

17  to offer such proof at trial through the testimony of a Federal Bureau of Investigation ("FBI")

18  agent and the federal search warrant served upon Facebook. (*Id.* 3:16–5:8).  Finally, as to

19  Defendant's 404(b) argument, the Government explains that "while [Defendant's] statements

20  might independently qualify for admission under [FRE] 404(b)(2) to show the valid, non-

21  propensity purposes of his 'intent,' 'motive,' 'preparation,' 'plan,' 'knowledge,' or 'absence of

22

23

24  _____

25  [2] When Defendant states "[w]hile in transit," it is unclear to what time frame he is referring.  The prior two
    paragraphs discuss the confrontation on April 12, 2014, so it is possible that Defendant means "while in transit"
    from his home state of Idaho to Bunkerville, Nevada.

mistake'—the statements are themselves admissible *as relevant evidence* under [FRE] 401."
(*Id.* 6:14–18).

The Court agrees that Defendant's Facebook posts should not be excluded at this time, as they are not "clearly inadmissible on all potential grounds." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Any posts that Defendant does not contest were his statements would be admissible as non-hearsay under FRE 801(d)(2)(A) if offered against him. Defendant's own statements have a high probative value that outweighs any prejudice, so the posts should not be excluded under FRE 403. To the extent that the posts relate to the incident alleged in the Superseding Indictment, they are relevant and do not constitute "other crimes" evidence barred by Rule 404(b). *See Santiago*, 46 F.3d at 888–90. Even so, the Government plans to use the Facebook posts, *inter alia*, to demonstrate Defendant's "intent," which is an exception under FRE 404(b)(2).

Lastly, regarding Defendant's assertion that he did not write all of the posts, the Government will be required to first properly authenticate the evidence under FRE 901, as the Government acknowledges in its Response. (*See* Gov't Resp. 3:4–5:8). To satisfy FRE 901, the Government "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Specifically, "the party offering the evidence must make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification . . . Once the offering party meets this burden, the probative value of the evidence is a matter for the jury." *United States v. Gadson*, 763 F.3d 1189, 1203–04 (9th Cir. 2014) (internal quotation marks omitted). Defendant's conjecture that some of the posts were not written by him, without any further support, is mere speculation that goes to the weight of the evidence, not its admissibility. Accordingly, the Court denies Defendant's Motion and will not exclude the Facebook posts.

III.    **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine (ECF No. 1449) is **DENIED**.

**DATED** this ___8___ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court