JOHN G. GEORGE, ESQ.
Nevada Bar No. 12380
LAW OFFICE OF JOHN G. GEORGE
732 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
E-mail: jggeorgelaw@gmail.com
Telephone:(702) 702-561-7855
Facsimile:(702) 702-446-1577
Attorney for Defendant
*Todd Engel*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:14-CR-00046-GMN-PAL |
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM FOR TODD ENGEL** |
| TODD ENGEL, | |
| Defendant. | |

NOTICE: **THIS SENTENCING MEMORANDUM CONTAINS HYPERLINKS TO LETTERS, PICTURES, COURT FILINGS, AND ARTICLES. PLACING THE CURSOR OVER THE HYPERLINKS PRESSING CONTROL AND CLICKING ON THEM WILL ENABLE THE READER TO ACCESS THE MATERIALS**.

COMES NOW Defendant TODD ENGEL, pursuant to the decision in United States v Booker, 543 U.S. 220 (2005) and submits this sentencing memorandum requesting that this Court impose a sentence that is "sufficient but not greater than necessary" to comply with the goals of sentencing set forth in 18 U.S.C. § 3553. Those goals; the consideration of the "nature and circumstances" of TODD ENGEL'S offense; the personal communications and photographs from supporters and family; and the recommendations in the Revised Presentence Report issued by the

United States Probation Office on July 17, 2017 provide the bases for TODD ENGEL's request for sentence herein.

**STATEMENT OF THE CASE**

On April 12, 2014 militia group members and individuals from various locations in the United States convened near Bunkerville, Nevada to assist Cliven Bundy: a local rancher engaged in a lengthy dispute with the United States over grazing rights and access to Federally owned land. Mr. Bundy solicited the presence and assistance of these groups and individuals with the use of the internet and telephonic communications. A significant number of persons showed up as a result of these solicitations: many of the attendees brought weapons.

TODD ENGEL was one of the persons that showed up on this day. TODD ENGEL drove down to Bunkerville, Nevada from Idaho with a long-time friend of his. The attendees all convened under a bridge of I-15 near an area called the Toquop wash. When TODD ENGEL arrived, he exited his vehicle on a bridge of I-15 nearest the wash. Almost immediately, a woman announced that the Bureau of Land Management personnel in the wash were pointing their weapons at some of the armed individuals in the crowd. This announcement immediately provoked TODD ENGEL to run from his location on the bridge to a secure location away from the wash and out of the sight of the persons amassed therein.[1]

TODD ENGEL stopped running when he encountered a few Nevada Highway Patrol officers that a long way from danger and from where the majority of the attendees were confronting various agencies of the United States government in the wash. Essentially, there was a "standoff" between the attendees and representatives of the United States. That standoff was terminated when the government agencies decided to release cattle that had been confiscated from Mr. Bundy.

---

[1] TODD ENGEL quite literally took off running when he heard this, as there is an aerial film of him running from the bridge to a location where Nevada Highway Patrolman were parked. TODD ENGEL remained at this location throughout the entire remainder of the event.

On March 3, 2016 TODD ENGEL was arrested by the Federal Bureau of Investigations. He was subsequently transported to Nevada where he has remained since and where he was charged in a sixteen count indictment. TODD ENGEL opted to go to trial on these charges wherein he represented himself.

TODD ENGEL was tried with 5 other defendants. TODD ENGEL was ultimately convicted of two of the sixteen charges: one count of Obstruction of Due Administration of Justice and Aiding and Abetting pursuant to 18 U.S.C. §1503; and one count of Interstate Travel in Aid of Extortion and Aiding and Abetting pursuant to 18 U.S.C. § 1952.

TODD ENGEL remained incarcerated throughout the trial. He continues to be incarcerated. Currently, TODD ENGEL is awaiting this Court's decision on a motion to remove his appointed counsel; a motion to replace counsel; and a request for a continuance of his sentencing date. Present counsel also filed a Motion to Withdraw. Because this Court has not decided on these motions, present counsel is filing this sentencing memorandum on behalf of TODD ENGEL, in case his motions are not granted.

On June 19, 2017 a Presentence Report was prepared by the United States Department of Parole and Probation and submitted to both counsel for TODD ENGEL and TODD ENGEL himself. That report recommended that TODD ENGEL be sentenced to 210 months of incarceration. On July 5, 2017, counsel submitted a letter to the United States Department of Parole and Probation outlining objections to this report. On July 17, 2017 a second Presentence Report was issued recommending 151 months of incarceration.

TODD ENGEL respectfully and humbly requests that this honorable Court consider that he has been incarcerated now for over a year and sentence him to time served with supervised probation of three years.

**DEFENDANT TODD ENGEL**

Clearly TODD ENGEL is a man that has committed values and he stands up for his beliefs. His involvement in this matter was prompted by his belief in American values and freedoms and his love for those values and freedoms. This near-primordial devotion to the principles of democracy and equality is the definitive feature of TODD ENGEL's personality.

Moreover, TODD ENGEL is an intelligent, articulate and thoughtful individual. This was demonstrated throughout his representation of himself during trial. TODD ENGEL's conviction was not a consequence of a lack of ability or intelligence on his part, as he did a remarkable job at completing the trial absolutely by himself. Although he had counsel nearby, TODD ENGEL made his own decisions and planned his own strategy.

TODD ENGEL is loved by his family and others whose lives he touches with his congenial and approachable nature. He has a sister with whom he is very connected that attended many days of his trial. In fact, she essentially relocated from Missouri to Las Vegas for a brief time during the trial so that she could be present and supportive of TODD during the trial. Her letter of support is available through the following link. ..\..\Desktop\sisters letter.pdf.

TODD'S mother loves him as well and does everything she can to be supportive of him through this trying situation. ..\..\Desktop\Mother and Sister with Todd.pdf. TODD ENGEL is a gentle man with a playful and sensitive spirit. ..\..\Desktop\Todd at home.pdf

## ARGUMENT

This Court, in arriving at the sentencing decision in this case, must, of course, consult the United States Sentencing Guidelines. *See* United States v. Munoz, 430 F.3d 1357, 1369 (11th Cir. 2005). Nonetheless, courts must also consider the other factors set out in § 3553(a). United States v. Glover, 431 F.3d 744, 752-753 (11th Cir. 2005) (Tjoflat, J. specially concurring). *See also*, United States v. Huerta-Rodriguez, 355 F. Supp.2d 1019, 1023 (D. Neb. 2005) ("post-Booker, the Sentencing Reform Act (SRA) requires the sentencing court to regard

the guidelines' ranges as one of the many factors to consider in determining the sentence").

The goals set forth in §3553(a)(2) consist of the "need for the sentence imposed":

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational, training, medical care, or other correctional treatment in the most effective manner."

When sentencing TODD ENGEL in this matter, this Honorable Court must look to the guidelines, and the sentence that TODD ENGEL receives must not contravene the important sentencing goals identified by Congress. An appropriate sentence will keep within the Sentencing Reform Act's instructions that the sentence be "sufficient but not greater than necessary" to accomplish the greater purpose of sentencing. 18 U.S.C. § 3553(a).

Proper sentencing procedure follows where the court first calculates the applicable Guidelines range, then goes on to consider deviation from such range on the grounds of § 3553(a) factors. Rita v. United States, 127 S. Ct. 2456, 2456 (2007); Gall v. UnitedStates, 128 S. Ct. 586, 597 (2007). Further, extraordinary circumstances or mathematical proportionality are not required to justify sentences rendered below the Guidelines. Gall at 594-595. After Gall, the "Guidelines are only one of the factors to consider while imposing sentence." Id at 560. See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005). Rita includes a laundry list of other factors to consider; whether a Guideline sentence reflects § 3553(a) considerations, reflects a sound judgment, treats defendant characteristics in the proper way, or whether a different sentence is warranted "regardless." Id at 2463. Moreover, 18 U.S.C. § 3661 states that no limitation shall be placed on the information concerning the background,

character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

It is hard to be precise in meeting these goals. In this case, however, crafting a punishment for TODD ENGEL that is "sufficient but not greater than necessary" to comply with the goals of the sentencing guidelines should not be difficult. The following reasons justify the length of the sentence being requested herein: time served with a three year period of probation upon release.

1) TODD ENGEL has already suffered sufficient punishment by being incarcerated for over a year already. Moreover, he has absolutely been impressed of the seriousness of his offense because he went to trial exposing himself to a near life-sentence. The seriousness of his charges has not been lost on TODD ENGEL.

2) TODD ENGEL will not reoffend. As both Presentence Reports indicate, TODD ENGEL had no previous criminal record. The convictions that Mr. ENGEL will now endure are the first ones in his life. They will certainly be the last ones in his life as well. Mr. ENGEL stated many times that he will not reoffend. His age and the nature of the crimes for which he has been convicted increase the likelihood that he will not reoffend.

3) Because he has no prior criminal history he is in criminal category I; and because he is a productive member of society, TODD ENGEL does not present a threat to society. TODD ENGEL is a hard working person with a stable employment history. He worked in the oil fields in North Dakota, has operated his own businesses, and maintains steady employment as a characteristic. TODD ENGEL's lifestyle affectations do not lend themselves to reoffending or putting others at risk. TODD ENGEL is not a threat in any way.

Remember that § 3553(a) provides that the district court should weigh factors such as the "nature and circumstances of the offense and the history and characteristics of the

1  Defendant"; the kinds of sentences available; "the [applicable] sentencing range[;] the
2  articulated policy goals of the guidelines; the need to avoid unwarranted sentence
3  
4  disparities among similar defendants; and the need to provide restitution to any victims of the
5  offense." § 3553(a)(1), (3)-(7).
6  
7        The nature and circumstances of the offense and the history and characteristics of the
8  Defendant have been addressed herein. The need to avoid unwarranted sentence disparities among
9  similar defendants is an important feature of sentencing that TODD ENGEL humbly asks this
10  honorable Court to consider.
11  
12        United States v Shona Clark, 2:03-CR-348 LRH(RJJ) ..\..\Desktop\Judgment CLARK.pdf
13  involved a conviction under 18 U.S.C. 1503 Obstruction of Justice. Although the defendant in that
14  matter accepted a plea, the defendant was sentenced to five years probation. No incarceration was
15  required by the court. TODD ENGEL was convicted of this same crime. He humbly asks that this
16  honorable court sentence him in such a way that there will be no disparity between defendant
17  SHONA CLARK'S sentence and his.
18  
19        Moreover, in United States of American v. Joshua Ramos, 2:15-CR-00267-GMN-CWH-1,
20  this court sentenced defendant JOSHUA RAMOS under 18 U.S.C. § 1952 (a)(3) Use of a Facility
21  of Interstate Commerce to Promote Extortion. ..\..\Desktop\Judgment RAMOS.pdf   Defendant
22  RAMOS was sentenced to 12 months and one day. Again this is the same crime for which TODD
23  ENGEL was convicted. Although TODD ENGEL was convicted by a jury, and RAMOS accepted
24  a plea, TODD ENGEL prays that this Court will, again, sentence him in such a way so as to leave
25  no disparity between RAMOS' sentence and TODD ENGEL'S sentence. The crimes are the same:
26  the sentences should be similar.
27  
28

Lastly, TODD ENGEL humbly requests that this honorable Court consider policy when deciding on his sentence. Eric Holder, the former (and apparently the final) stable and long-term Attorney General of the United States described that United States an "outsized, unnecessarily large prison population.." and that "too many Americans go to too many prisons for far too long and for no truly good law enforcement reason." ..\..\Desktop\Attorney General Eric Holder Delivers Remarks at the Annual Meeting of the American Bar Association's House of Delegates _ OPA _ Department of Justice_files He further stressed that "widespread incarceration at the federal, state, and local levels is both ineffective and unsustainable [because it] imposes a significant economic burden ... and it comes with human and moral costs that are impossible to calculate." Holder, in this speech, also urged sentencing authorities nationwide "to identify and share best practices for enhancing the use of diversion programs ... that can serve as effective alternatives to incarceration."

Incarcerating TODD ENGEL for the length of time recommended in the Revised Presentence Report is excessive in scope and burdensome in application: not just for TODD ENGEL but for the entity sentencing him, i.e. the United States. Sentencing him to 151 months will cost the taxpayers a significant amount of money. An enormous amount of money has already been expended on prosecuting him. Perhaps the burden on the taxpayers can be minimized ever-so-slightly by reducing TODD ENGEL's sentence to time served. This way he can participate in society and contribute to its perpetuation instead of requiring society to sustain him.

**CONCLUSION**

TODD ENGEL humbly requests that this honorable Court sentence him to time served with a probationary period subsequent to sentencing of three years. TODD ENGEL believed that the reasons discussed herein provide this honorable Court with the reasons and justification for a

- 8 -

sentence of that length.

Because TODD ENGEL has already served over a year, he submits that time served is "sufficient but not greater than necessary" to accomplish the goals of sentencing. Additionally, TODD ENGEL will comply with any restitution requirement that this court deems appropriate.

DATED this 24th day of July, 2017

/s/ John George
JOHN G. GEORGE, ESQ.
Nevada Bar No. 12380
LAW OFFICE OF JOHN G. GEORGE
732 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
Telephone:(702) 702-561-7855
Facsimile:(702) 702-446-1577
Attorney for Defendant
Todd Engel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24TH day of July 2017, I served a true and correct copy of the foregoing **SENTENCING MEMORANDUM OF TODD ENGEL** addressed to the following counsel of record and/or party at the following address:

__X__ mandatory electronic service (e-service), via CM/ECF proof of e-service attached to any copy filed with the Court;

_____ by facsimile transmission, proof of transmission attached to any copy filed with the Court; or

_____ *by U.S. Mail: By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as indicated on the service list below in the United States mail at Las Vegas, Nevada to the below address*:

STEVEN MYHRE
United States Attorney
ERIN M. CREEGAN
Assistant United States Attorney
NADIA JANJUA AHMEN
Assistant United States Attorney
NICHOLAS DICKINSON
Assistant United States Attorney
501 Las Vegas Blvd. South
Las Vegas, NV 89101

        /s/John George_____
        An Employee of
        *THE LAW OFFICE OF JOHN G. GEORGE*