UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> GREGORY P. BURLESON, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-46-GMN-PAL <br><br> ORDER |

Pending before the Court is Defendant Gregory P. Burleson's ("Burleson's") Motion for New Trial. (ECF No. 2078). Defendant Todd C. Engel ("Engel") filed a Motion for Joinder. (ECF No. 2099).[1] The Government filed a Response. (ECF No. 2132). Burleson did not file a reply, and the time to do so has passed. For the reasons set forth herein, the motion will be **DENIED**.

I. **BACKGROUND**

The instant motion follows a thirty-two-day jury trial in which Burleson was found guilty of the following eight counts from the Superseding Indictment (ECF No. 27): *Count 5*, Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(l), (b) and 2; *Count 6*, Use and Carry of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2; *Count 8*, Threatening a Federal Law Enforcement Officer, in violation of 18 U.S.C. §§ 115(a)(l)(B) and 2; *Count 9*, Use and Carry of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2; *Count 12*, Obstruction of the Due Administration of Justice, in violation of 18 U.S.C. §§ 1503 and 2; *Count 14*, Interference with Interstate Commerce by Extortion, in violation of 18 U.S.C. §§ 1951 and 2; *Count 15*, Use and Carry of a

---

[1] For good cause appearing, the Court grants Engel's Motion for Joinder.

Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2; and *Count 16*, Interstate Travel in Aid of Extortion, in violation of 18 U.S.C. §§ 1952 and 2. (*See* Jury Verdict, ECF No. 1903). As a result of the same jury trial, Engel was found guilty of *Count 12*, Obstruction of the Due Administration of Justice, in violation of 18 U.S.C. §§ 1503 and 2, and *Count 16*, Interstate Travel in Aid of Extortion, in violation of 18 U.S.C. §§ 1952 and 2. (*Id.*).

During the trial, Federal Bureau of Investigation ("FBI") Special Agent Charles Johnson ("Agent Johnson") testified on behalf of the Government.[2] (*See* ECF Nos. 1750, 1754). Agent Johnson ran an undercover operation subsequent to the April 12, 2014 incident in Bunkerville, Nevada, where he posed as a documentarian and interviewed several of the defendants, including Burleson.[3] Portions of this interview were played during Agent Johnson's testimony at trial.

In the instant motion, Burleson seeks a new trial based on an article dated May 16, 2017, entitled "How an Undercover FBI Agent Ended Up in Jail After Pretending to be a Journalist" that appears to be from a website called "The Intercept." (*See* Ex. A to Mot. New Trial, ECF No. 2078-1). The article discusses that Agent Johnson "was arrested in Glendale, Colorado, while acting undercover as a journalistic investigator, for unauthorized practice of private investigations." (Mot. New Trial 1:23–24, ECF No. 2078). Burleson argues that the Government "deliberately withheld" this evidence, which he claims is a violation of *Brady*, *Giglio*, and *Henthorn*. (*Id.* 3:22–4:18). He also requests an evidentiary hearing. (*Id.* 2:4–8).

---

[2] "Charles Johnson" is a pseudonym to protect the agent's identity as he currently involved in on-going investigations for the FBI. The Court allowed Agent Johnson to testify under this pseudonym during trial and prohibited the defense from asking questions regarding personal identifying information and his other investigations. (ECF No. 1539). However, the Court required the disclosure of Agent Johnson's true name to counsel. (ECF No. 1664).

[3] Agent Johnson did not interview Engel.

Ultimately, Burleson argues that a new trial is warranted pursuant to Federal Rule of Criminal Procedure ("FRCP" or "Rule") 33. (*Id.* 3:15).

## II. LEGAL STANDARD

Rule 33 provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for new trial based on new or newly discovery evidence must be filed within three years after the verdict. Fed. R. Crim. P. 33(b)(1). Although determining whether to grant a motion for a new trial is left to the district court's discretion, "it should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation omitted). Moreover, the defendant bears the burden of persuasion. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989).

"A defendant who seeks a new trial based on new or newly discovered evidence must show that (1) the evidence is newly discovered; (2) the failure to discover the evidence is not attributable to a lack of diligence by the defendant; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in an acquittal." *United States v. Waggoner*, 339 F.3d 915, 919 (9th Cir. 2003) (citing *United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000)).

## III. DISCUSSION

In his motion, Burleson argues that a new trial is necessary because evidence of Agent Johnson's arrest would have "cast grave doubt on [his] credibility." (Mot. New Trial 4:11). He further asserts that the evidence and Agent Johnson's personnel file should have been turned over under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). (*Id.* 4:11–13). Alternatively, Burleson contends the evidence "should have been turned over under *United*

*States v. Giglio*, 405 U.S. 150 (1972), because [Agent Johnson] had been given a promise to resolve that arrest in exchange for his testimony in trial."[4] (*Id.* 4:13–15).

The Government responds that "neither the arrest nor the alleged underlying conduct is admissible evidence and, therefore, immaterial." (Gov't Resp. 3:15–17, ECF No. 2132). The Government asserts that the alleged arrest is irrelevant to the instant case, as it was unrelated to Agent Johnson's undercover activity here and occurred sixteen months later. (*Id.* 4:18–21). The Government further contends that the arrest would not be considered impeachment evidence under *Giglio* because the regulatory violation of conducting a private investigation without a license is not probative of Agent Johnson's character for truthfulness or untruthfulness, as would be required to impeach him with extrinsic evidence under Federal Rule of Evidence ("FRE") 608(b).[5] (*See id.* 5:19–6:16). As to the *Henthorn* allegations, the Government explains that it "conducted all appropriate pre-trial *Henthorn* inquiries into [Agent] Johnson's personnel record and no record of disciplinary action or any history of misconduct was revealed or contained therein." (*Id.* 9:4–6). Lastly, the Government argues: "Burleson makes no showing that even if this information were somehow admissible, it would make any difference in the outcome of the trial. The evidence against Burleson was overwhelming . . . Burleson's admissions were fully corroborated by video and photographic evidence introduced at trial." (*Id.* 6:22–7:1, 7:13–15).

The Court finds that Burleson has failed to meet the *Waggoner* standard. Burleson specifically argues that this evidence would have been for impeachment purposes. He indicates that its materiality would be to "cast grave doubt on Agent Johnson's credibility." (Mot. New

---

[4] Burleson provides no support for this allegation, which the Government calls "imagin[ary]." (*See* Gov't Resp. 8:13–15, ECF No. 2132).
[5] FRE 608 provides the general prohibition: "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). However, FRE 608 then states: "But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." *Id.*

Trial 4:11). Therefore, it is apparent that even if relevant, this evidence would merely impeach Agent Johnson's credibility rather than independently support some aspect of the defense. Additionally, the Court agrees that even if "grave doubt" were cast upon Agent Johnson's credibility, the extensive evidence against Burleson does not indicate that a new trial would probably result in an acquittal. *See United States v. Kenny*, 645 F.2d 1323, 1344 (9th Cir. 1981) (affirming a district court's denial for a new trial because the newly discovered evidence "lacked sufficient probative force to acquit"). The Government presented other overwhelming evidence at trial that supports Burleson's convictions, including photographs and video of him during the April 12, 2014 incident, along with his admissions on internet postings. Lastly, the Court finds no evidentiary hearing to be necessary. *See United States v. Navarro–Garcia*, 926 F.2d 818, 822 (9th Cir. 1991) (explaining that the Court need not conduct an evidentiary hearing if the Court "is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial.").

Accordingly, the Court finds that because the evidence raised in Defendant's motion would serve no purpose other than impeachment and a new trial probably would not result in an acquittal, the motion must be denied pursuant to the standard set forth in *Waggoner*. *See* 339 F.3d at 919.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Burleson's Motion for New Trial (ECF No. 2078) is **DENIED**.

**IT IS FURTHER ORDERED** that Engel's Motion for Joinder (ECF No. 2099) is **GRANTED**.

**DATED** this  26  day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court