Warren R. Markowitz (NYS 4613220)
The Markowitz Law Firm
7260 W. Azure Dr, Suite 140-100
Las Vegas NV 89130
Office: 702-749-5831 xt 100
Fax: 702-749-5832
Email: Warren@MarkowitzLawFirm.com or
warren@warrenmarkowitzesq.com
Pro Hac Vice Attorney of Defendant Todd C. Engel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA (LAS VEGAS)

| | |
|---|---|
| **USA** <br> Plaintiff, <br> vs. <br> **Todd C. Engel** <br> Defendant | Case # 2:16-cr-00046-GMN-PAL-15 <br><br> **MOTION FOR RELEASE PENDING SENTENCING AND OR APPEAL** |

Comes Now, Defendant Todd C. Engel,  and moves this honorable court for an order granting release pending the imposition of sentencing, presently scheduled for March 22nd, 2018, or in the alternative release pending the outcome of an appeal to be filed challenging his conviction by jury verdict of April 24th 2017.

This motion is timely, is made in accordance with the Local Rules of this Court, the Federal Rules of Criminal Procedure,  and 18 USC §3141 et seq, is not made for the purposes of delay, and is based on a good faith position that the relief requested may be granted and is likely to be granted by this court.

Respectfully submitted this 8th day of February 2018

/s/ Warren R. Markowitz, Esq
Warren R. Markowitz, Esq
Attorney for Defendant Todd C. Engel

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On March 3rd 2016 a warrant was executed for the arrest of Todd C. Engel (Engel) in the US District of Idaho for his participation in the April 2014 Bunkerville Protest, commonly referred to as the Bunkerville Standoff. Mr. Engel has always held that his participation in the events were rooted in his support and love for the U.S. Constitution, the Rights and Privileges enshrined therein, and for his concern for the safety of the protesters in light of the numerous historical events such as Waco & Ruby Ridge, in which protesters were met with substantial governmental force resulting in unwanted deaths and injuries,  and not for the purpose of raising arms against the United States Government, the Government of the State of Nevada, or the people of Clark County Nevada.

Engel was one of nearly two dozen arrested across several states, involved with the events of April 2014 at the Bundy Ranch.

The entire group of defendants totaled nineteen (19), with each facing a total of sixteen (16) possible charges. In December 2016, (Docket #1098) with seventeen (17) defendants remaining for trial, the court subdivided the group into three (3) smaller groups, referred to as Tiers. The Tiers reflected the courts assumption/understanding as to the culpability of the members on a declining scale. Engel was a member of Tier 3, assumed to be the least culpable group of defendants.

 After arrest Engel was transferred to the District of Nevada, and was remanded to the Nevada Southern Detention Center (NSDC). Engel has been a "resident" of the Nevada Southern Detention Center in Parhump, NV since coming to Nevada and has been incarcerated for a

period in excess of 700 days, including nearly 330 days prior to the commencement of his trial, which began on Feb 6, 2017 and concluded on April 24, 2017. The trial concluded with a conviction against Engel on two (2) counts.

Engel was convicted of 18 USC §1503 and 18 USC § 2- Obstruction of the Due Administration of Justice and Aiding & Abetting, Charge#12, and 18 USC § 1952 and 18 USC § 2- Interstate Travel in Aid of Extortion and Aiding & Abetting, Charge #16.

Engel, has been the recipient of three(3) CJA Appointed Attorneys as counsel, before, during, and after trial, and is currently represented by a family retained attorney, Warren Ross Markowitz. The court granted the Pro Hac application of Atty Markowitz Pro Hac on January 23, 2018. In total Engel has been represented by, at one point or another, by four (4) attorneys, from arrest to conviction.

In preparation for trial, and at trial, the court placed substantial limits on the defenses ability to call, challenge, and present witnesses; limitations as to the reference of Constitutionally protected rights, in particular Freedom of Speech, Right to Petition Government, Freedom of Association, and Freedom of Assembly, the 1st Amendment of the US Constitution, and the exercise of the 2nd Amendment of the US Constitution. All of which substantively denied the defense, and Engel in particular, the ability to challenge the charges against him, and to put forth a defense theory that supported, and justified his actions.

Engel was granted Pro Se status, and conducted himself with dignity and respect for the court. During the examination of a government witness,  the court revoked Engel's Pro Se status, and forced upon him an inexperienced, unprepared, and ineffective standby counsel. The action of the court is seen as a punishment for a line of unapproved questioning. This line of

questioning, and the subject of the questioning were later core issues in the Trial of the Tier 1 Defendants, and the subject of numerous Brady issues.

The trial of the Tier 1 defendants, which contained Cliven Bundy, and the supporters which were alleged by the government as the "ring leaders" of the purported conspiracy was postponed until November 2017 due to the tragic, and unrelated, events in Las Vegas on 1 October 2017.

In December 2017, this court declared a mistrial, on the basis of repeated and continuous actions of the United States Attorney's Office (USAO) that impacted and undermined the trial system, its rules, the faith of this court, and the rights enshrined in the U.S. Constitution. Shortly before granting the mistrial, in November, this court dramatically reversed its position on pretrial confinement of the Tier 1 and Tier 2 defendants. In what can only be assumed to be the release of favorable information relating to the defense, which appears to have been willingly if not deliberately withheld by the USAO, and which apparently contradicted the established government position that the entirety of the defendants posed a risk of harm to the community at large and should be held without bail or release, this court granted immediate, if not quick release during trial for the Tier 1 defendants and the remaining Tier 2s. At the time of the courts change in position, most of the defendants had spent more than 600 days in jail.

In January 2018, this court issued from the bench, to a courtroom full of onlookers, a dismissal with prejudice in favor of the remaining Tier 1 Defendants. The basis of the dismissal was the blatant manipulative conduct of the United States Attorney's Office (USAO) in denying to the defendants exculpatory, and necessary materials in violation of Brady, and Giglio, that the USAO knew of, had access to, failed to collect, and in some instances ignored outright, resulting

in clear violation of the defendants' rights, established case law, and established clear and convincing evidence of prosecutorial misconduct.

The court concluded that the repeated and willing violations of the rights of the defendants by the USAO represented a failure of the judicial system, and a systematic denial of due process, which resulted in the present absence and future impossibility of a fair trial. The tone and demeanor of this court, as it read its decision into the record, can only be compared to realizing one was playing cards with a marked deck, or gambling in a crooked casino.

Engel brings this motion on the grounds that the dismissal applies to all defendants including those like himself that were subject to trial prior to the January 2018 dismissal, and on the grounds that the trifurcation, the separation of the total number of defendants into three parts, was for the convenience of the court, and that a decision favorable to one related to exculpatory, or favorable evidence withheld by the government should apply to all, particularly when the evidence that was revealed to have been withheld dates back to the time of the first trial, kept from the subsequent retrials that followed, and was not made known until nearly ten months later resulting in the mistrial and the subsequent dismissal with prejudice of another group of related defendants.

The information withheld by the USAO denied all of the defendants, including Engel and those similarly situated, exculpatory material that would have allowed him and them, individually and as a group, to mount an effective defense, vindicate their positions, justify their actions, and establish with certainty that they were not the aggressors as they have asserted from the very beginning.

The exculpatory information withheld by the government, the proverbial straw that broke the camel's (court's) back, was available in or about Feb 2017, before, or during the trial of the

Tier 3 defendants which included Engel. The absence of this material had a direct, and substantive impact on trial strategy, witnesses, defense positions, cross examination, etc, and assisted the government obtain the conviction of Engel on the charges of Obstruction of the Due Administration of Justice, and Interstate Travel in Aid of Extortion. Engel remains in custody pending sentencing.

## II.    **ARGUMENT**

The relief requested is within the authority of this Court, and this Court should grant the release of Engel, as the request is supported by the following assertions;

1.  This motion is not brought for the purpose of delay,

2.  This motion raises substantial factual assertions, supported by the actions of this court, in the dismissal with prejudice, and related declaration of mistrial against the Tier 1 defendants, and the subsequent dismissal with prejudice granted by this court on Feb 8th 2018, Docket # 3179, against the remaining Tier 2 defendants, that this conviction is likely to result in the reversal of the jury decision, the granting of a new trial, a sentence without a term of imprisonment, or a sentence so reduced that it exceeds the time already served by Engel,

3.  Engel is not likely to flee. Engel has maintained his innocence in this matter from the very beginning and continues to do so,

4.  Engel is supported by family and community, even in Las Vegas,

5.  Engel has a desire to vindicate himself and establish with this court his innocence, and

6.  Engel is not a threat to the public at large; this position is supported by his behavior while under detention, during transport, and during trial, as he is not known as a threat and is respected by the personnel at the NSDC, and the US Marshal's Service.

Therefore, the granting of release prior to sentencing, or during the pendency of an appeal is appropriate and warranted in this instance and should be granted by this court.

**A)      MEETING THE STANDARD FOR PRESENTENCING RELEASE**

The authority to release a defendant prior to sentencing or during a pending appeal is found in 18 USC § 3143(a)(1), which states;

> … the judicial officer **shall order** that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence**,** other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C.994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). **If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c). (Emphasis added).**

Engel meets the requirements/standard as set forth in the statute. His position is further supported by the simple conclusory fact that the court created a conundrum in which the only proper solution is to grant the relief requested by Engel; his release.

On or about the 25th of November 2017, this court reversed, in a very dramatic and public way, its position relating to the of pretrial detention of the "Bundy Defendants". The court granted pretrial release for the remaining defendants of Tiers 1 & 2.  These defendants, which at that time the court changed its position, had been in the custody of the government for roughly 600+ days. This action resulted in an immediate reversal of a long held conclusion by the court

that the defendants, individually, and as a whole, were a threat to the general public and would/should remain in custody until the conclusion of the trials.

The courts position, was assumedly based on the threat assessments presented by the USAO to the court and used by the prosecution to establish anti government bias on behalf of the defendants, to create the perspective of a looming public threat created by the defendants, and to justify the need for pretrial detention of the defendants. But the threat assessments presented to the court, and the defense, were contradicted by others which assumedly were part of the exculpatory materials under the control of the USAO, which were withheld from the defendants. This information was only one piece of exculpatory evidence denied the defense which had a substantive impact on the courts perspective and behavior towards the defendants, there would be more missing materials discovered shortly thereafter resulting in an even greater impact on the trial.

We can only be assume that had the materials been made available during the trial of the Tier 3 defendants of which Engel was a part, the court would have granted the entirety of the defendants pretrial release, as it did in November 2017. But this was not the case. Engel along with the others remained in jail during trial, denied the ability to mount and advance a functional and effective defense.

The dramatic actions of this court, the dismissal of the indictment of the Tier 1 Defendants, combined with the equally dramatic and conciliatory actions of the USAO's requesting, and this court granting, a dismissal of the remaining defendants, those of Tier 2, Docket # 3179, today the 8th of February 2018, lays the foundation for a successful appeal based on the same Due Process, Brady, Giglio, and Constitutional violations that terminated the action against the purported principals in the first place.

Therefore, based on the plain language of the statute, the likelihood of success on appeal, or the granting of a new trial, and the authority of this court to hear and determine the applicability of the request for relief as it applies to Engel, it is clear from the circumstances and available evidence that Engel is entitled to presentencing release, and requests that this court grant it without undue haste.

**B)      THE CHANGE IN CIRCUMSTANCES MAKES A NEW TRIAL LIKELY.**

Rule 33 of the Federal Rules of Criminal Procedure makes it likely that a new trial will be granted.

Engel has suffered under several poorly performing, and ineffective appointed counsels. From the collapse of his defense during the first trial, and the revocation of his Pro Se status during that same trial, to the earth shattering dismissal with prejudice issued by this court on January 8th 2018 of the indictment in relation to the Tier 1 defendants, and the subsequent dismissal initiated by the USAO against the remaining defendants in Tier 2, Docket 3179, the circumstances involving Engel are ripe for a new trial.

Engel's position is made clear through, FRCrP Rule 33(b)(1) ...

> Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

This court, took it upon itself to correct an injustice on the American People, on January 8th, 2018.  It did so by protecting the judicial system, the integrity of the court, and rights of the accused. The actions of the court were based on the grounds that the court determined that the USAO violated the due process rights of the defendants not once, not twice, but at least seven times by denying the defendants exculpatory materials.  From this one can only conclude that the

goal of the USAO was to win, not to deliver justice, not to respect the principals of law that protect us all, not to protect the integrity of the judicial system, but to win at any costs.

These denials had a direct and substantive impact on Engel and the other defendants in Tier 3 by denying them the ability & right to establish and advance effective defense theories, support challenges to motions in limine brought by the USAO, call witnesses hostile to the governments position, and the list goes on and on.

The revelation that this information was withheld, which became evident in January 2018, is substantive grounds for the granting of a new trial under Rule 33, and in conjunction with the relief requested herein, the court should sua sponte grant a new trial.

Engel has substantive grounds for an appeal. They range from blatant due process violations to ineffective assistance of appointed counsel

It is glaringly apparent that an appeal would not be for the purpose of delay, will likely be successful, and therefore the grounds established in 18 USC §3143(b) (1) (B) provides this court the guidance for granting release from detention. It states:

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such **judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title,** except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence. **(emphasis added)**

Based solely on the recent events and actions by this court, we must conclude that at the very least this court will grant a new trial under FRCrP Rule 33, and that a new trial is likely to result in an acquittal on the charges Engel would face. In the alternative, an appeal which will be filed should sentencing be carried out, will raise these same issues along with other applicable challenges, that are likely to include, denial of due process, ineffective assistance of counsel, denial of Constitutionally Protected Rights to Assemble, Speak, and Protest, and will likely result in a reversal of his conviction.

This court should grant the relief requested and release Engel from detention pending the outcome of post conviction motions and appellate challenges, and take whatever action it deems necessary and proper in fulfilling its obligation to dispense justice.

**<<<<< THE REST OF THIS PAGE LEFT INTENTIONALLY BLANK>>>>>**

## III.    <u>CONCLUSION</u>

The relief requested by Engel is within the statutory and rule based control, authority and discretion of this Court. The court record, the court's own actions, and the law support Engle's position, and therefore this Honorable Court should grant Engel's release, in anticipation of sentencing, in expectation of a timely filed appeal, and in conjunction with or the alternative of the granting of a new trial.

/s/ Warren R. Markowitz, Esq
Warren R. Markowitz (NYS 4613220)
The Markowitz Law Firm
7260 W. Azure Dr, Suite 140-100
Las Vegas NV 89130
Office: 702-749-5831 xt 100
Fax: 702-749-5832
Email: Warren@MarkowitzLawFirm.com
Pro Hac Vice Attorney of Defendant Todd C. Engel

**IT IS SO ORDERED**.

**DATED** this _____ day of February, 2018.

_____
Gloria M. Navarro,
Chief Judge United States District Court

**PROOF OF SERVICE**

On the day 8th of February 2018,  I did place with the Clerk of the Court, of the United States District Court for the District of Nevada, the **MOTION FOR RELEASE PENDING SENTENCING AND OR APPEAL** via the court's CM/ECF system, for distribution to all necessary parties.



Dated this 8th day of February 2018

/s/ Warren R. Markowitz, Esq
Pro Hac Vice Attorney of Defendant Todd C. Engel