Warren R. Markowitz (NYS 4613220)
The Markowitz Law Firm
7260 W. Azure Dr, Suite 140-100
Las Vegas NV 89130
Office: 702-749-5831 ext 100
Fax: 702-749-5832
Email: Warren@MarkowitzLawFirm.com or
warren@warrenmarkowitzesq.com
Pro Hac Vice Attorney of Defendant Todd C. Engel

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA (LAS VEGAS)

| | |
|---|---|
| USA<br>        Plaintiff,<br>vs.<br><br>**Cliven Bundy, et al.**<br>        Defendant | No. 2:16-CR-00046-GMN-PAL-15<br><br>**DEFENDANT ENGEL'S OPPOSITION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER FOR MARCH 9, 2018 EMAIL COMMUNICATION**<br>**(FILED UNDER SEAL)** |

**CERTIFICATION:** This opposition is timely, and is being filed within five business days of the initiating Government Motion.

On March 21, 2018, Counsel for Defendant Todd Engel, received via email a copy of the pending **GOVERNMENT'S MOTION FOR PROTECTIVE ORDER FOR MARCH 9, 2018 EMAIL COMMUNICATION,** ECF #3216, and

after review, and on behalf of the vested interest Defendant Engel has in the contents of the subject of the proposed protective order, Counsel files its opposition to the Government's position and request.

## I.   INTRODUCTION

Defendant Todd Engel was convicted of two (2) counts in a multi-count indictment for his participation in the civil disobedience and public protest surrounding the BLM operation of April 2014. Engel's convictions for Obstruction of Justice, and Interstate Travel in Aid of Extortion occurred at the conclusion of the first trial of a trifurcated series involving nearly two dozen defendants.

Initially Engel was allowed to represent himself, but had that right removed by this court during his trial, placing his fate in the hands of an insufficiently prepared and ineffective standby counsel, and then after conviction, and prior to the retention of current counsel, two additional CJA attorneys that failed miserably to represent his goals during post conviction matters. Attorney Markowitz, Engel's current representative has filed several motions to challenge his conviction, request a new trial, and for pre-sentence/appeal release based on, among other things, information and details included in the court's dismissal with prejudice, which it based on the court's finding of numerous Brady violations, prosecutorial

misconduct, and other reasons declared by the court in its orally delivered decision of January 8th 2018.

The US Attorneys Office filed a motion to file under seal the second installment from Bureau of Land Management (BLM) Special Agent (SA) Larry Wooten (Wooten), ECF #3216, and the subject motion was received by defense counsel via email form the United States Attorney's Office (USAO), on March 21, 2018.

According to the Government's Motion, the USAO received on March 9th 2018 another email/memo from BLM SA Wooten. According to the limited disclosure of the USAO, the same memo/email was also sent to an undisclosed official at the United States Department of Justice in Washington DC.

This email, being referred to as The Wooten Email-2, is apparently, as gleaned from the contents of the government's filing, a more detailed and comprehensive document that identifies the persons, and source materials, and additional witnesses, in support of the claims made by BLM SA Wooten in the original Wooten Email, and that the contents of the Wooten Email-2 further develops those claims and accusations.

Wooten has doubled down on his claims, accusations and positions, apparently for the purpose of responding to the challenges, and the dismissal of

Wooten's positions, by the USAO in its responses to ECF #3198, Engel's Motion for a New Trial, and ECF #3199, the government's motion for reconsideration.

The USAO in its current pleading asserts that the contents of the initial Wooten Email has not been challenged in a proper venue (we assume this court), and it remains the current and continued position of the Defense that the contents of the initial email/memo, and by extension the current Wooten Email -2, and its author are exculpatory materials that were systematically denied Engel during his trial, and thereafter, which support Engel's various pending motions.

The USAO's laundry list of reasons why this court should grant its current motion for a protective order, includes the need to protect the Agents, Officers, Prosecutors, and governmental persons from outlandish commentary, hyperbole, "threats", aggression, and harm, and reads like a list of high school antics requiring the intervention of the principal, with not evidence that action was taken by or in contrast to the allegations raised by the USAO or anyone else for that matter. It appears that the only desire is to protect members of the US Government from the general public.

In short the United States Attorney's Office is telling this court, and the Defendants, that they are afraid, that they are incapable of protecting their own, mean words hurt their feelings, and they deserve protection. This position is comical, if not downright childish. The USAO is the biggest kid on the block, has

the deepest pockets, and operates in highly secured and monitored buildings, with armed personnel dedicated to the sole purpose of protecting the inhabitants of those buildings, and if need arises can call upon the United States Marshals Service, the Federal Bureau of Investigation, the Internal Revenue Service (when they wish to add some flavor to those they deem a little bit annoying), and under many circumstances local law enforcement, so it leads us to ask the question, what are they afraid of?

In the interest of justice, fairness, and disclosure this court should deny the government's motion to seal.

## II.   ARGUMENT

### 1) THE GOVERNMENT WISHES TO PROTECT ITSELF.

The purpose of whistle blowers, government information leaks, and sunshine laws are to inform and by extensions protect the public from the actions of a runaway government. The blatant attempt by the USAO to restrict information, such as what is alleged to be contained in the Wooten Email -2 on the grounds that the government will be embarrassed, or its agents and employees "scared" or publicly ridiculed is, without measure, appalling.

The dissemination of material information to the general public poses no actual harm to the very persons the USAO claims it is attempting to protect. The

adversarial system in which we function is expected to be heated and stressed. The very livelihood, freedoms, and future of those subject to the judicial system are at risk, and those stresses have been known to push family, friends, and onlookers to do stupid things, and even with the matter going into its third year, there has been no substative harm caused to the parties which the USAO desires to protect.

The government bases its position on two things. The Federal Rules of Criminal Procedure, Rule 16(d), and the US Supreme Court holding in *Alderman v. United States,* 394 US 165 (1969), but the application of both is misplaced, and misused in this situation.

We do not challenge that the court, has through the application of the rules, the power to limit access to discoverable material, nor do we challenge that there are times, and circumstances, that such limitations are necessary for the protection of witnesses, sources, techniques, etc.  Furthermore, the US Supreme Court stated clearly in Alderman that, "… in cases where the trial court explicitly determines, in written findings, sealed and available for examination by reviewing courts, that ***disclosure would substantially injure national security interests***, I do not think disclosure to the defendant is necessary in order for the Government to proceed with a prosecution", *(emphasis added).* Neither of these position are applicable to the matter at hand.

First both matters are generally applied to the limitation of information to the defense by the government for the purpose of protecting confidential sources, techniques, or "state secrets", which even if taken to an extreme is not applicable here, unless the government is telegraphing that national security interests are an underlying matter, as we assume that all the persons identified in the subject email/memo are likely to be government employees, agents, and officers, and their identities are generally public record.

Secondly, the protection of witnesses, while necessary, and applicable under a broad range of circumstances, is not necessary here. The Defense is willing to assume, until it is determined otherwise, that all of the parties that the Government is attempting to keep from the Defense are members of the Government, are directly, if not substantively involved with the present matter, and keeping these potential witnesses sequestered, and hidden from the general public works in contrast to the very adversarial system under which the judicial process is designed to function.

The government wants us to believe that it is necessary to hide the information relating to government employees, potential witnesses, and sources, because they claim the defense which wants, needs, and has desired only to conduct the numerous trials out in the open, might cause apprehension, fear, or

harm to the very persons, places, and things, that they have desired to have in the court in the first place.

In a sense we are being asked to believe, that the most powerful government in the world is incapable of protecting its own; yet they ask us to believe that they can protect us.

## 2) SEALING THE DOCUMENT DENIES THE DEFENDANTS THE COURT OF PUBLIC OPINION.

"Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman." -- Louis D. Brandeis.  Justice Brandeis in a simple and clear statement undermines the governments position to seal the Wooten Email -2.

The request of the USAO to seal the document, is an attempt to deny the public the right to know. Many times the facts and circumstance involved in this case, have been shrouded in supposition, innuendo, rumor, animosity, and fear, and the government's actions will only perpetuate the very things they are attempting to eliminate; disclosure is the only solution.

Therefore, the goals of sealing the document under a protective order, and reducing or eliminating access to the Wooten Email-2 will not produce the results desired by any party, and this court should deny the government's motion.

## III. CONCLUSION

**THEREFORE,** based on the foregoing this honorable court should deny the Governments request, and grant any and all relief necessary and proper under the circumstances.

Respectfully submitted, this 26th day of March 2018

*/s/ Warren R. Markowitz*
WARREN R. MARKOWITZ
Counsel for Defendant Todd Engel

# CERTIFICATE OF SERVICE

I, Warren R. Markowitz, attorney of record of Defendant Todd C. Engel, submitted a copy of the foregoing **DEFENDANT ENGEL'S OPPOSITION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER FOR MARCH 9, 2018 EMAIL COMMUNICATION (FILED UNDER SEAL)** to the clerk of this court via the court's CM/ECF system for delivery and service upon counsel of record via CM/ECF.

Dated this 26th day of March 2018

 */s/ Warren R. Markowitz*
 WARREN R. MARKOWITZ
 Counsel for Defendant Todd Engel