Warren R. Markowitz (NYS 4613220)
The Markowitz Law Firm
7260 W. Azure Dr, Suite 140-100
Las Vegas NV 89130
Office: 702-749-5831 xt 100
Fax: 702-749-5832
Email: Warren@MarkowitzLawFirm.com or
warren@warrenmarkowitzesq.com
Pro Hac Vice Attorney of Defendant Todd C. Engel

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA (LAS VEGAS)

| | | |
|---|---|---|
| USA | Plaintiff, | Case No. 2:16-CR-00046-GMN-PAL-15 |
| vs. | | |
| **Todd C. Engel** | Defendant | **SENTENCING MEMORANDUM OF DEFENDANT TODD C. ENGEL** |

**This Sentencing Memorandum is timely, and properly filed, in accordance with Federal Rules of Criminal Procedure Rule 32, and this Court's Local Rule 32-1.**

Defendant Todd C. Engel, through Counsel, files this Sentencing Memorandum in preparation for the upcoming sentencing hearing of July 19, 2018, setting forth the grounds on which this court should consider in its determination

the type and length of sentence to impose in accordance with the directives set forth in 18 USC §3553.

**INTRODUCTION**

History is written by the victors. This statement has echoed throughout history from Walter Benjamin, to Winston Churchill, to George Orwell. The truth, the reality of events, are directly influenced by the group that has the greatest influence to determine the truth, to advance a position as true, and to convince all others around them that their story is the correct one. In common parlance, one that controls the narrative, controls the outcome. The matter presently before this court is a prime example of the paradox of truth and justice, and ones ability to control the narrative. This court concluded that information determined to be exculpatory, beneficial, and supportive of defenses available to the Defendants was denied Engel, as it was withheld by the USAO. The history of events put forth to the jury only reflected the desired reality of the prosecutors, painting and impugning the nature of Engel and others as dangerous, predatory, and a threat to every law enforcement officer on the planet, the reality determined by this court was much different.

## BACKGROUND INFORMATION

In April 2014, the Bureau of Land Management, assisted by other federal agencies including the Federal Bureau of Investigation, and the National Park Service arrived in Bunkerville Nevada to execute a court order for the removal of trespass cattle from the Gold Butte allotment.

In response to their collective presence, and their actual and perceived actions, several hundred protesters some armed, some riding horses, others waiving flags, and many others unarmed including a large contingent of women and children were present. Some were on the overpass bridges, others in the wash near the government established perimeter, some mingled with local and state law enforcement avoiding the First Amendment Zones (government authorized protest zones) and others surrounded the event from just about all locations.

Known and referred to by the Government as the "Bunkerville Standoff" or "Bundy Ranch," this protest rings in American history as a paradoxical representation of the 1775 Battle of Bunker Hill. The very place where the "shot heard round the world" was fired, launching the American Revolution and the birth of a nation born from challenging its own government.

In stark contrast to the initiation of the American Revolution, and in opposition to its namesake, the protest at Bunkerville, while noisy, crowded and dirty, resulted in no casualties, no shots fired (by either side), nor any known

injuries. The government on the other hand in its multitude of writings attempted to create an image of trench warfare or the mountainous desert of Afghanistan to imply that a war was in process.

Todd C. Engel was present at this event. The record is clear, and without controversy. Todd traveled from his home in Idaho to Bunkerville Nevada to participate in and support the actions of the protesters. He carried a rifle and accessories in support of that rifle, none of which were in violation of state or federal law. He used social media to report events and described what was going on, sharing information with others interested and not present. But at no time posing a threat, to local or federal law enforcement, as the numerous photos and videos available to the prosecution indicated.

Todd C. Engel has maintained from the start of his involvement that his goal was to prevent the event from devolving into what many others and himself feared would be another WACO or Ruby Ridge. His ongoing incarceration is not marred with behavioral or disciplinary matters and his respect for law enforcement is seen in his treatment of and by the U.S. Marshals that have transported him to and from the NSDC in which he is presently kept. Photographs of Todd C. Engel with Nevada Highway Patrol and local law enforcement used during trial indicated by default that Todd C. Engel did not pose a threat to the officers or those around him as he was not disarmed, nor arrested.

Under normal circumstances, and expectation, it would be this counsel's obligation to work to render a negotiated settlement, to advance a theory that would allow for this honorable court to issue a sentence that would accomplish the goals of the justice system, and to ensure the needs of society were met. But that is not the case today.

The purpose of this memorandum submitted on behalf of Todd C. Engel is to support this court in granting clemency to Todd C. Engel, to see justice done, as is the intention and goal of 18 USC §3553(a) and the Sentencing Guidelines, and to bring this matter to a close.

It is the position of Counsel, and this Defendant, that any imposition of a sentence as recommended, or implied such as the Terrorism enhancement in the Presentence Investigation Report, dated June 19, 2017, and amended September 16, 2017, violates the very holdings and conclusions of this court, and does not advance justice as is the goal.

**OUTSTANDING ISSUES REMAIN UNRESOLVED**

On December 20, 2017 this court declared a mistrial of the Tier 1 defendants, a group of defendants considered by this court as the principals and leaders in the matter. On January 8, 2018, this court issued an order from the bench dismissing the case and the indictment with prejudice (see ECF #3117).

This court held that the actions of the United States Attorneys Office was so egregious in its violations of its obligations under Brady, and its progeny, that the actions amounted to a denial of due process, and resulted in prejudice against the Defendants.  The blistering 30 minute delivery of the conclusions and holdings of this court drove the message home that deliberate, unethical, and outrageous behavior would not be tolerated and had repercussions, and concluded that the extreme measure taken was the only one that could ensure the integrity of the judicial process.

On February 7, 2018 the USAO filed a Motion to Reconsider the Order Dismissing the Indictment with Prejudice (ECF #3175), which remained open until July 3, 2018.  Shortly thereafter, on February 8, 2018 the USAO through its own actions dismissed the indictment against the remaining defendants in Tier 2 (see ECF #3178 & 3179).

During this time, Counsel for Todd C. Engel filed three separate motions relating back to the holdings of this court. The issues were fully briefed and remain pending. These motions are ECF #3180, **MOTION FOR RELEASE PENDING SENTENCING AND OR APPEAL**, ECF #3183, **DEFENDANT ENGEL'S MOTION FOR A NEW TRIAL UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 33, AND OR A JUDGMENT OF ACQUITTAL UNDER RULE 29**, and finally in support of these remaining motions, ECF # 3250

**MOTION TO DEPOSE WITNESS (UNDER SEAL).** These motions remain pending before this court.

On July 3, 2018 on the eve of the celebration of Independence Day, this honorable court **DENIED** the Gov't Motion for reconsideration, (ECF #3272). In the denial, this court further reiterated its own holdings as to its findings of the detrimental Brady violations, unethical conduct, and egregious violations of the USAO, and did so by quoting from itself.

In regard to the issue of self-defense, a defense denied Todd C. Engel during his trial due to the motions in limine and assertions of the USAO, the Court held in ECF 2770, that

> at least some of the subject matter pertaining to perceived government misconduct is relevant to defending against these charges. In particular, such evidence and testimony supports **a defense to Count Sixteen**, **Interstate Travel in Aid of Extortion pursuant to 18 U.S.C. § 1952; Count Twelve, Obstruction pursuant to 18 U.S.C. § 1503**; and Count Five, Assault on a Federal Officer pursuant to 18 U.S.C. § 111(a)(1) and (b). (*See* Superseding Indictment, ECF No. 27). Further, some of this evidence may be relevant to an excessive use of force defense to Count Five. *See United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996). **(emphasis added, as the issues pertain to the two charges under which Engel was convicted).**

The Court further clarified the holdings in *United States v. Ross*, 372 F.3d 1097, 1109 (9th Cir. 2004), *on reh'g in part* (9th Cir. 2005), as it related to the events under which many of the claims of self-defense and defense of others were raised. Here the court clearly stated,

> **Self-defense has been at issue *for each tier of defendants* that has gone to trial in this case, as evidenced by motions in limine and trial briefs filed by the Government.**

(See e.g. ECF Nos. 1799, 2064, 2514). The claim that the Government did not need to provide evidence of provocation, intimidation, and self-defense is outrageous given that this defense was at issue in the previous trials, and **the Court instructed that it would hear an offer of proof for the theory of self-defense outside the presence of the jury. Because some evidence pertaining to perceived government misconduct is relevant to defending against Counts Five, Twelve, and Sixteen, and because the possibility of a self-defense theory exists, the Court finds that it did not err in finding that evidence of this nature amounted to a Brady violation and should have been disclosed.** *(emphasis added, Counts 12, and 16 are relevant to Engel as he was convicted under those charges only).*

The comments by the court go directly to the conviction of Todd C. Engel. Todd C. Engel, was convicted of Charge 12 Obstruction pursuant to 18 U.S.C. § 1503, and Charge 16, Interstate Travel in Aid of Extortion pursuant to 18 U.S.C. § 1952, and the conclusions of this court further support the pending defense motions currently before this court in particular the motion for a new trial or in the alternative a dismissal as this court's holdings relate to those specific charges.

The USAO advances the goals of the defense in its motion to reconsider. The USAO asserted in its challenge to the complete dismissal that the dismissal of at least one of the charges against Engel is appropriate. Quoting from the Motion to Reconsider,  as to a lesser possible remedy than the outright dismissal, the USAO asserts: "the Court could have considered dismissing Count 1, the conspiracy count which requires proof of an overt act" and **"Count 16, which makes reference to the defendants' use of the internet in aid of extortion"** to remedy any prejudice to Defendants. (Motion to reconsider *Page* 24:19–20, 25:1)." It is undisputed that Todd C. Engel was convicted of Count 16, therefore we can only conclude that the

dismissal of this charge, after the circumstances of the trial, and the conclusions of this court are appropriate and by extension necessary.

This overt and supporting act on the part of the USAO implies leave for the court to dismiss, in the very least, Charge 16, against Todd C. Engel, based on the court's findings and the implied acquiescence of the USAO, thereby reducing the overall recommended sentence presently faced by Engel from 210 months to 120 months based on the holdings of the PSR. It should be noted that the recommendations of the PSR were not amended to reflect the most recent decisions of this court, as the latest amendment was done in September 2017, long before the dismissal of January 8, 2018, and nearly 10 months before the July 2018 Order denying reconsideration of the dismissal, bringing into conflict the conclusions and holdings of the report, in particular the absurd and overreaching determination that an upward revision is appropriate involving Terrorism, a charge that was never brought nor implied, and by its very definition would undermine further the protections of the Bill of Rights of the United States Constitution.

Furthermore as the court has stated clearly and without hesitation, that "none of the alternative sanctions available," including the lesser remedy discussed by the USAO above was certain to drive home the courts goal of protecting the judicial system from the harm suffered by it at the hands of the USAO, the dismissal was the only solution. By extension, it remains dismissal is the only solution to remedy

the injustice suffered by Todd C. Engel during his trial. It provides the legal, ethical, and moral standing on which this court is authorized to take action, establish justice as the overarching goal of the court, and restore faith in the judicial system.

In the alternative, this court can grant the pending motions and allow the judicial process to right itself. With either solution the end result will vacate the proposed sentence advanced in the PSR.

**A MANIFEST SENSE OF JUSTICE REQUIRES DISMISSAL.**

This courts conclusion, and subsequent orders requires that a dismissal be issued as to the trial of Todd C. Engel.

The holdings of this court, its ongoing findings relating to the exculpatory materials, the injustice of the USAO, the ethical violations, the prosecutorial misconduct, and the harm caused by the USAO's deliberate misrepresentations to the court and the public at large require that the court follow its own holdings and vacate the judgment against Todd C. Engel.

**THE HOLDINGS IN THE PSR SHOULD BE DISREGARDED.**

The PSR before this court suggests a sentence of 210 months, post release supervision, and restitution in excess of $1.5mm.  All based on conclusions arrived

at before this court made determinations relating to the very basis for the conviction of Todd C. Engel. The granting of a new trial, the vacating of the conviction underlying the original conviction eliminates the need for the conclusions of the PSR.

Therefore, this court should ignore the recommendations, as and deliver an alternative that fulfills its obligations under the governing Statute.

In complying with 18 USC §3553 (a), which states; "Factors To Be Considered in Imposing a Sentence.—**The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph** (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--" **(emphasis added).**

Section 2 is the need for the sentence imposed.  We assert that by the courts own conclusions, its own statements, its own rulings, and its own actions, that no sentence is necessary.

The imposition of any sentence would deny Todd C. Engel the rights, privileges, and protections of the United States Constitution, and the judicial interpretations that this court depended upon when it dismissed the underlying indictment and watched as the USAO voluntarily dismissed the action against the remaining defendants in Tier 2, and the holdings it reiterated in its Order Denying the Governments Motion to Reconsider.

**CONCLUSION**

Defendant Todd C. Engel respectfully submits this memorandum in support of his positions regarding this courts conclusions and requests that this court vacate the conviction, and dismiss the underlying indictment, as any sentence imposed by this court is unnecessary to comply with the statutory requirements under 18 USC §3553, which is to preserve and advance justice and respect for the law.

Respectfully submitted this 12th day of July 2018.

/s/ Warren R. Markowitz, Esq
Attorney for Todd C. Engel

## PROOF OF SERVICE

On this the 12th day of July 2018, I did place with the Clerk of the Court, of the United States District Court for the District of Nevada, the **SENTENCING MEMORANDUM OF DEFENDANT TODD C. ENGEL** via the court's CM/ECF system, for distribution to all necessary parties.

Respectfully submitted this 12th day of July 2018.

/s/ Warren R. Markowitz, Esq
Attorney for Todd C. Engel