# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,    )
                Plaintiff,    )  Case No.: 2:16-cr-00046-GMN-PAL
   vs.    )
                                )  **ORDER**
TODD C. ENGEL,    )
              Defendant.    )

Pending before the Court is Defendant Todd C. Engel's ("Defendant's") Motion for Release Pending Sentence or Appeal, (ECF No. 3180). The Government filed a Response, (ECF No. 3198), and Defendant filed a Reply, (ECF No. 3204).[1] For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). Defendant was grouped with tier three defendants and was part of the first group of defendants that went to trial. (Order, ECF No. 1098). At the conclusion of Defendant's trial, the jury found Defendant guilty of Count Twelve, obstruction of justice, and Count Sixteen, interstate travel in aid of extortion. (Jury Verdict, ECF No. 1903).

Subsequent to Defendant's trial, the tier one defendants proceeded to trial. (Order, ECF No. 1098). On December 20, 2017, the Court declared a mistrial for the tier one defendants, finding that the Government's failure to disclose evidence to the tier one defendants resulted in

---

[1] The Government's Response, (ECF No. 1398), is a consolidated response to two of Engel's pending motions. In the present Order, the Court will only consider the Government's response to Defendant's Motion for Release.

numerous *Brady* violations. (Mins. of Proceedings, ECF No. 3041). Following the Court's declaration of mistrial, the Court found that dismissal with prejudice was necessary. (Mins. of Proceedings, ECF No. 3116). In the instant Motion, Defendant argues that it is likely he will be granted a new trial, and based on this reasoning he should be released pending sentencing or appeal. (Mot. for Release 9:9–10, ECF No. 3180).

## II. LEGAL STANDARD

### A. Release Pending Sentence

Pursuant to 18 U.S.C. § 3143, the Court is required to order a convicted defendant detained pending sentencing so long as the guideline range recommends a term of imprisonment. However, the Court may release a defendant awaiting imposition of a sentence if (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted; and (2) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2).

"The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). This is a high burden to satisfy. *See United States v. Masters*, No. 2:12-cr-00145-MMD-GWF, 2013 WL 5308204, at *2 (D. Nev. Sept. 18, 2013).

### B. Release Pending Appeal

Under 18 U.S.C. § 3143(b)(1), a defendant may not be granted bond pending appeal unless (1) the defendant proves by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) the defendant's appeal is not brought for the purpose of delay and raises

> a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. 3143(b)(1). This statute creates a presumption against post-conviction release and places the burden of meeting the criteria squarely on the Defendant, *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986), and it is a heavy burden. *United States v. Gerald N.*, 900 F.2d 189, 191 (9th Cir. 1990); *see United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *see also United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

### III. DISCUSSION

In the instant Motion, Defendant claims that granting his release pending sentencing or appeal "is appropriate and warranted" because (1) the motion is not intended for the purpose of delay; (2) his "conviction is likely to result in the reversal of the jury decision, the granting of a new trial, a sentence without a term of imprisonment, or a sentence so reduced that it exceeds the time already served by [Defendant];" (3) he is not likely to flee; (4) he is supported by family and community; (5) he has a "desire to vindicate himself;" and (6) he is not a threat to the public as evidenced by his behavior in detention. (Mot. for Release 6:12–7:7, ECF No. 3180).

The Government argues that Defendant "has not shown any change [sic] circumstances that would alter the Court's pre-verdict ruling that he posed a risk of flight and danger to the community . . . If anything, his conviction and potentially long sentence increase his risk of flight." (Resp. 22:9–14, ECF No. 3198). Moreover, the Government claims that Defendant "has not met his burden under either provision of Section 3143." (*Id.* 22:15–16). The Government explains that as a result of Defendant's conviction he faces a guideline sentence of 210 months. (*Id.* 4:4–5). Specifically, Count Twelve is a crime of violence that carries a maximum sentence of not more than 10 years, and Count Sixteen is a crime of violence that carries a maximum sentence of not more than twenty years. (*Id.* 22:4–8).

Preliminarily, the Court finds that Defendant is not eligible for release pending appeal. In order for the statute to apply, Defendant must be a "a person who has been found guilty of an

offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari." 18 U.S.C. § 3143(b).  Here, Defendant has not filed an appeal of his conviction, which he cannot do until after he has been sentenced and the judgment of conviction has been filed. *See United States v. Cooper*, No. 2:14-cr-00228-JAD-CWH, 2016 WL 8738039, at *2 (D. Nev. Aug. 5, 2016).  Accordingly, Defendant is not eligible for release because no appeal is currently pending.

In regards to Defendant's request for release pending sentence, the Court finds that Defendant has failed to meet his high burden of establishing that he will not flee or pose a danger to any other person or to the community. *See* Fed. R. Crim. P. 46(c).  Defendant claims that based on his behavior in detention, his support from his family and community, and his desire to vindicate himself, he is neither a danger to the community nor a flight risk.  Without further detail and support, these statements do not establish by a clear and convincing evidence that Defendant is unlikely to flee or pose a danger to the community.  In light of the weight of the evidence against Defendant because of the jury's verdict, Defendant's conviction of crimes of violence, and the fact that Defendant is facing a lengthy prison sentence that creates a substantial risk of non-appearance, the Court finds that release pending sentence would be inappropriate. *See* 18 U.S.C. § 3142(g)

The Court will not address whether there is a substantial likelihood that a motion for acquittal or new trial will be granted because Defendant has failed to meet his burden regarding flight and danger.  The Court therefore finds that no condition or combination of conditions of release can reasonably assure the appearance of Defendant and safety of the community.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Release Pending Sentencing or Appeal, (ECF No. 3180), is **DENIED**.

**DATED** this __13__ day of July, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court