Warren R. Markowitz (NYS 4613220)
The Markowitz Law Firm
7260 W. Azure Dr, Suite 140-100
Las Vegas NV 89130
Office: 702-749-5831 xt 100
Fax: 702-749-5832
Email: Warren@MarkowitzLawFirm.com or
warren@warrenmarkowitzesq.com
Pro Hac Vice Attorney of Defendant Todd C. Engel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA (LAS VEGAS)

| | | |
|---|---|---|
| **USA** | Plaintiff, | Case No. 2:16-CR-00046-GMN-PAL-15 |
| vs. | | **DEFENDANT ENGEL'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM** |
| **Todd C. Engel** | Defendant | |

**This response to the Government's Sentencing Memorandum is timely filed in accordance with Federal Rules of Criminal Procedure Rule 32, and this Court's Local Rule 32-1.**

Defendant Todd C. Engel (Engel), through Counsel, files this response to the Government's Sentencing Memorandum, (ECF #3284, filed on July 12, 2018) in preparation for the upcoming sentencing hearing of July 19th 2018.

Engel submits that the sentence, and upward departures requested by the Government do not accomplish the tasks of the 18 USC §3553, and are therefore unnecessary.

**INTRODUCTION**

The facts put forth by the Government in their sentencing memo are colorful, dramatic, filled with creative license, and absolutely deceptive in their intent. The Government wishes this court to see a hardened criminal, anti-government zealot; someone filled with such hatred against law enforcement that he would do anything he could to thwart their actions. But the truth of the matter is not that exciting. Engel appeared at and participated in a protest against a government agency along with nearly three hundred others where unlike the free speech protests at University of California, Berkeley, no property was damaged, no person hurt, no shots fired, no loss of life, no nothing, except maybe a few hurt feelings.

Engel for all intents and purposes, showed up, voiced his opinion on social media, used descriptive terms to paint a picture of events on social media and was later arrested because he was identifiable not at the event, but because of his use of social media.

The Government now wants the world to know that the only person not yet sentenced, of the only two convicted by a jury, needs to be punished and held responsible for an event that for lack of a better term he was invited to appear at, and for this the Government wants 210 months, and $1.5mm in restitution, because it decided to abandon the activities, all from a man that wasn't within a stones throw from the very persons that are claimed to be harmed.

**THE GOVERNMENT DEMAND FOR A TERRORISM ENHANCEMENT VIOLATES THE US CONSTITUTION.**

The Government is not entitled to an upward revision regardless of the assertions put forth by the US Attorneys Office (USAO) on two grounds; First, the predicate crimes necessary to establish Terrorism were not charged, tried, nor proven, and Second, to enhance Engel's sentence would be contrary to the protections of the 1st and 2nd Amendments of the United States Constitution, and therefore unconstitutional.

To enhance or grant an upward revision in accordance with the US Sentencing Guidelines, for the sole purpose of uniformity, as inferred by the Government in their memo, (ECF #384, p2, lines 2-4) effectively denies Engel of the due process protections that this court is entrusted with providing. The assumptions in the Pre Sentence Report, and advanced by the USAO convicts

Engel of a crime, without charging him with said crime and providing him an opportunity to challenge his accuser(s) and defend against the allegation. To simply do it because it was done before and wouldn't be fair not to cuts both ways, as it was unjust to effectively convict the other defendant from the same trial as Engel, Greg Burleson,  and "enhance" his sentence based on the grounds which Engel now protests now.

Secondly, the action stands in violation of the protections of the United States Constitution and the Bill of Rights. Even if the USAO doesn't appreciate the actions of Engel, his actions as they stand in contrast to the charges leveled against him, are protected by the by the very laws which the USAO is entrusted to uphold. Engel's possession of a weapon during the protest was and is protected by the 2nd Amendment of the US Constitution and the laws of the State of Nevada where the event took place, and his actions, including the possession of the rifle, tactical vest and the magazines, are protected non verbal speech and allowed the protections of the 1st Amendment.

As the US Supreme Court held in *Tinker v. Des Moines*, 393 US 503 (1969), when it addressed the issue of the protests of the Vietnam War; Engel's possession of a thing in and of itself does not constitute a violation of law. Engel's lack of interaction with the Federal Officers was and remains protected speech. His

presence was his protest, and the possession of the rifle, and its supplies lawful, and in furtherance of that protest.

To hold that his actions constitutes terrorism, in spirit or in fact, directly undermines the rights and privileges entrenched in the US Constitution and effectively criminalizes dissent to government action, which is opposite the intent and purpose of the Bill of Rights.

**ENGEL IS ENTITLED TO "Pony Off" THE COURTS RULING IN TRIAL 3**

It's disappointing that the USAO chooses to live in a fantasy land and to ignore the very holding that overturned and destroyed their case against the other defendants.

Its worse for them to ignore, or to pretend to feign ignorance of, the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963). The concept in Brady is simple, "... the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Giglio v. United States*, 405 US 150 (1972), further addressed the issue by reiterating the holding in Brady, in that the "... suppression of material

evidence justifies a new trial "irrespective of the good faith or bad faith of the prosecution."

To put it bluntly, the USAO is not the arbiter of what is exculpatory.

This court held and reprimanded them for doing just that and dismissed the subsequent trials. But what is important and should be recognized, as it was in Brady, is that even if the other trials proceeded to conclusion, Engel is entitled under the holding of Brady to another trial, as the material was determined by this court in its holdings and rulings to potentially provide defenses to the very charges under which Engel was convicted, therefore Engel is not attempting to "Pony Off" the courts decision, as claimed in the Governments Sentencing Memorandum,  but following the law and asking this court to recognized those relevant facts, and to grant the motion for a new trial or dismissal based on precedent and its own conclusions.

*US v. Chapman*, 524 F. 3d 1073 - Court of Appeals, 9th Circuit 2008, argued by this court's own AUSA Steven Myrhe, who was the lead attorney for the USAO during the Engel's trial and the follow on trials including the one dismissed by this court, further supports Engel's position. This court has held, and the 9th Circuit Court of Appeals has agreed, "[First, a]    district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation.   [Second, i]f the conduct does not rise to the level of a due

process violation, the court may nonetheless dismiss under its supervisory powers.". Therefore it is reasonable that Engel has requested and moved this court for dismissal or in the alternative a new trial in accordance with the Federal Rules of Criminal Procedure, and the supervisory powers of this court, and not simply in an attempt to "Pony Off" as the USAO has implied which is an overt attempt to cheapen his actions.

## THE SENTENCING GUIDELINES ARE IMPROPERLY APPLIED IN THIS MATTER

In the above paragraphs, and in the Defense's Sentencing Memo (ECF # 3285) Engel addressed the issues and discussed the application of the Sentencing Guidelines as applied to him, but the USAO is determined to keep its 12 point buck, and its single incomplete win in this matter, so we further address those factors and matters raised in the Governments Argument.

## 1.  THE PSR'S OFFENSE LEVEL COMPUTATION IS WRONG

Based on the circumstances, motions, and holdings of this court, and the basis for those holdings, as noted in Brady, Giglio, and Chapman, the use of the Sentencing Guidelines relating to the counts of conviction, Counts 12, and 16, are

in error as any determination of a sentence at this period in time is premature, and denies the Defendant of his Procedural and Substantive Due Process Rights.

Therefore the only conclusion that may be raised and asserted by the Defendant is that the calculation is wrong and should not be applied to the Defendant.

**2. THE COURT SHOULD NOT APPLY A TERRORISM ENHANCEMENT AS NOTE 4 IS NOT INTENDED FOR NOR SHOULD BE APPLICABLE HERE.**

It was addressed above, that any Terrorism Enhancement in this matter would be a denial of due process, and would deny Engel the right to challenge the charge particularly in that there was no charge related to Terrorism in the indictment.

Furthermore, Note 4, of the USSG that the USAO relies upon effectively criminalizes the rights and privileges of the Citizens of the United States to challenge their own government through the exercise of the rights enumerated in the Bill of Rights.

As the Government has chosen to decide under the plain language of this rule's note the offense was "… calculated to influence or effect government by intimidation or coercion…" , we must conclude that any protest, vote, petition, or

other action by the citizenry is an act of terrorism as they are all designed to effect the decisions of government. Therefore based on its overly broad language, and criminalization of rights protected by the US Constitution application of the enhancement is Unconstitutional and therefore it must be ignored.

3.  **BASED ON THE ASSERTIONS OF THE DEFENDANT AND THE HOLDINGS OF THIS COURT, THE COURT OF APPEALS AND THE UNITED STATES SUPREME COURT, THERE IS NO GUIDELINE SENTENCE THAT IS APPROPRIATE.**

The 210 month sentence that is proposed by the PSR and advanced by the USAO is in excess of what is necessary to advance the goals of the US Sentencing Guidelines, the need to advance the respect for the law and to deter future conduct.

Engel has repeatedly addressed the issues of respect for the law. He has asserted that his involvement, and goals were to advance the respect for the law, not only by those effected by it but by those that are responsible to enforce it.

The government has repeatedly attempted to paint Engel as the most vile and wretched man that has walked the planet. Their blanket assertion that his actions that simple day in April 2014 remain with every police officer in the country is ridiculous.  Engel's actions that day in April 2014 was a willful exercise of his civil liberties, which resulted in no harm, no shots, no deaths, and no injuries to law

enforcement, unless you count hurt feelings. If the USAO has statistics as to the number of Police Officers outside of the Clark County Nevada area that has suffered from learning about these events, I ask that they share them with the court. Otherwise its broad assertion is literary license and should be ignored by this court.

It is also prejudicial to include any statement, comment, or reference to the unfortunate deaths of two officers at the hands of a violent and unrepentant couple that took their own lives when justice was about to be served, as it cheapens the loss of the officers and degrades their contribution to the community.  As evidence and testimony support, the LV Metro Police did not participate in the events of April 2014 at Gold Butte and were seen walking in and out between the protesters, along with members of the Nevada Highway Patrol, all while the alleged threatening weapons of Engel were in clear view, and allegedly causing life changing harm to unknown officers.

The USAO continues to advance the theory that Engel's actions before, during and after the days of April 2014 were to flout the authority of the Federal Government, but that has repeatedly been challenged by Engel's own actions that that is not the case.  The evidence withheld by the USAO which resulted in the dismissal of the Indictment against Bundy and the alleged principal actors, as well as the declaration of a mistrial prior to the ultimate end supports Engel's position that the authority being exercised was being done so in violation of the limited

authority granted the federal government by the states, and the people, in effect it was in violation of the consent of the governed.

The issue before this court is whether the guidelines are appropriate. We assert they are not. No sentence given under the current set of circumstances, including a demand for restitution of the nearly $1.5mm claimed as damages is appropriate, for no sentence given will accomplish the tasks demanded under the statute.

**CONCLUSION**

Defendant Todd C. Engel respectfully submits this response to the Governments Sentencing Memorandum and requests that this honorable court conclude this matter in a just and proper manner.

Respectfully submitted this 16th day of July 2018

/s/ Warren R. Markowitz, Esq
Attorney for Todd C. Engel

## **PROOF OF SERVICE**

On this the 16th day of July 2018, I did place with the Clerk of the Court, of the United States District Court for the District of Nevada, the **DEFENDANT ENGEL'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM** via the court's CM/ECF system, for distribution to all necessary parties.


Respectfully submitted this 16th day of July 2018


/s/ Warren R. Markowitz, Esq
Attorney for Todd C. Engel