NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
STEVEN W. MYHRE
Assistant United States Attorney
District of Nevada
Nevada Bar No. 9635
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
Steven.Myhre@usdoj.gov

*Attorneys for United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TODD C. ENGEL,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-NJK-15<br><br>**Government's Unopposed Motion for Leave to Dismiss Pursuant to Rule 48(a), Federal Rules of Criminal Procedure** |

Certification:  This pleading is timely filed.

The United States, by and through the undersigned, respectfully moves for leave of Court to dismiss Counts 12 and 16 of the Superseding Indictment charged against defendant Todd C. Engel, pursuant to Rule 48(a), Federal Rules of Criminal Procedure. Defendant Engel does not oppose. In support of its Motion, the government respectfully submits the following Memorandum of Points and Authorities.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.     Procedural Posture**.

On March 2, 2016, defendant Engel was charged by Superseding Indictment[1] ("Indictment") with eleven counts of violations of Title 18, United States Code, Sections 371 (Count 1), 372 (Count 2), 111(a)(1) (Count 5), 115(a)(1)(B) (Count 8), 924(c) (Counts 3, 6, 9, and 15), 1503 (Count 12), 1951 (Count 15), and 1952 (Count 16). ECF No. 27.

On February 2, 2017, and before the commencement of trial, the Court dismissed Count 3 pursuant to defense motion.  ECF No. 1483. The remaining ten counts went to trial, commencing on February 6, 2017. ECF No. 1528.

Following trial and on April 24, 2017, the jury returned unanimous guilty verdicts on two counts – Count 12 (Obstruction of Justice, in violation of Title 18, United States Code, Section 1503) and Count16 (Interstate Travel in Aid of Extortion, in violation of Title 18, United States Code, Section 1952) – but could not reach unanimity on the remaining eight. The Court entered the verdicts on Counts 12 and 16, declared a mistrial as to the remaining deadlocked counts, and set the deadlocked counts for retrial to commence on June 26, 2017. ECF No. 1887. On May 16, 2017, the government moved for leave to dismiss the eight deadlocked counts – Counts 1, 2, 5, 6, 8, 9, 14, and 15. ECF No. 1969.

On July 18, 2018, the Court entered a Judgment of conviction on Counts 12 and 16, dismissed Counts 1, 2, 3, 5, 6, 8, 9, 14 and 15, and adjudged a sentence of, *inter alia*, 168

---

[1] The Superseding Indictment charged defendant Engel jointly with 18 other co-defendants, collectively charging all 19 defendants with a total of 16 counts, defendant Engel being named in 11 of the 16 counts.

months' imprisonment. ECF No. 3300. On August 8, 2018, defendant Engel filed his Notice of Appeal from the Judgment. ECF No. 3314.[2]

On August 6, 2020, the Ninth Circuit Court of Appeals vacated the Judgment of conviction on Counts 12 and 16, and remanded the case to the district court for a new trial. ECF No. 3503. On August 28, 2020, the Ninth Circuit entered its mandate. ECF No. 3509. On September 4, 2020, the district court spread the mandate on the record and set the date for trial of Counts 12 and 16 for October 19, 2020, with Calendar Call set for October 13, 2020. ECF No. 3511.

The government now seeks leave to dismiss pursuant to Rule 48(a), Federal Rules of Criminal Procedure.

**B.    Legal Standard.**

Rule 48(a) of the Federal Rules of Criminal Procedure provides:

> The government may, with leave of court, dismiss an indictment, information, or complaint.  The government may not dismiss the prosecution during trial without the defendant's consent.

The government's power to dismiss under Rule 48(a) extends to individual counts in an indictment. *In re United States,* 345 F.3d 450, 452 (7th Cir. 2003); 3B Charles Alan Wright, *Federal Practice and Procedure* Section 811 (3d ed. 2004). "While the judiciary has been authorized to supervise a prosecutorial decision to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution." *United States v. Hayden,* 860 F.2d 1483, 1487 (9th Cir. 1988) (citations omitted). The prosecutor is "the first and presumptively the best judge of

---

[2] On September 25, 2018, the Court entered an Amended Judgment, modifying its restitution order but keeping place the original disposition of all counts in the Superseding Indictment. On September 28, 2018, defendant Engel filed an Amended Notice of Appeal.

3

whether a pending prosecution should be terminated." *United States v. Wallace,* 848 F.2d 1464, 1468 (9th Cir. 1988) (citations and internal quotation omitted). Absent a showing of bad faith, district courts generally grant the government leave to dismiss a case before trial under Rule 48(a). *Id.* ("A fundamental consideration of assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in good faith") (citations and internal quotations omitted).

**C.     Discussion.**

The government seeks to dismiss Counts 12 and 16 – the only remaining counts in the Indictment against Engel – in good faith. The government has reviewed and evaluated the evidence relating to defendant Engel against the backdrop of the passage of time and changed circumstances since his 2017 trial and has determined that dismissal is warranted in the interests of furthering the ends of justice. The government does not intend to re-indict the defendant for the offense conduct. Government counsel has shared this Motion with counsel for the defendant who informs that the defendant does not oppose.

**D.     Conclusion.**

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court grant the Motion and enter an Order: dismissing Counts 12 and 16 of the Superseding Indictment; vacating the trial date and calendar call; vacating any remaining orders of pretrial detention, restraint, restriction or bond; and releasing the defendant from custody. The government further requests that the Court enter a Judgment of dismissal as to Counts 12 and 16 in the Superseding Indictment against this defendant. To this end, the government submits a proposed Order for the Court's consideration.

**DATED** this 8th day of September, 2020.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

/s/ *Steven W. Myhre*
_____
STEVEN W. MYHRE
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TODD C. ENGEL,<br><br>　　　　Defendant. | Case No. 2:16-cr-00046-GMN-NJK-15<br><br>**Proposed Order** |

This matter coming before the Court on the government's Unopposed Rule 48(a) Motion For Leave to Dismiss, the Court having considered the premises therein and good cause showing, the Motion is **GRANTED**. It is hereby **ORDERED** as follows:

Counts 12 and 16 of the Superseding Indictment alleged against Todd C. Engel shall be, and are, **DISMISSED** with prejudice.

The calendar call and trial dates of October 13, 2020, and October 19, 2020, respectively, for this matter are **VACATED**.

All orders regarding pretrial detention, restraint, restriction or bond as to defendant Engel are **VACATED.**

Defendant Engel is hereby ordered **RELEASED** from custody.

**IT IS SO ORDERED.**

Dated this __8__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT