# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TODD C. ENGEL,

        Defendant.

Case No.: 2:16-cr-00046-GMN-NJK-15

**ORDER**

Pending before the Court is the Motion for Attorney's Fees, (ECF No. 3515), filed by Defendant Todd C. Engel ("Defendant"). The Government filed a Response, (ECF No. 3516), to which Defendant filed a Reply, (ECF No. 3517).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Attorney's Fees.

## I.  BACKGROUND

On March 2, 2016, the Grand Jury indicted Defendant by Superseding Indictment with sixteen counts related to a confrontation on April 12, 2014, with the Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (Superseding Indictment, ECF No. 27). Defendant was grouped with Tier 3 defendants and was part of the first group of defendants that went to trial. (Order, ECF No. 1098). Defendant represented himself during the majority of the trial. However, on the twenty-first day of trial, this Court terminated Defendant's right to represent himself and appointed standby counsel to represent him instead. (Mins. Proceeding: Jury Trial Day 21 at 1–2, ECF No. 1750). At the conclusion of Defendant's trial, the jury found Defendant guilty of Count Twelve, Obstruction of the Due

Administration of Justice, and Count Sixteen, Interstate Travel in Aid of Extortion. (*See generally* Jury Verdict, ECF No. 1903).

On August 6, 2020, the Ninth Circuit vacated Defendant's conviction, finding that "the district court's termination of [Defendant's] right to represent himself violated the Sixth Amendment." *United States v. Engel*, 968 F.3d 1046, 1048 (9th Cir. 2020). On August 28, 2020, the Ninth Circuit entered its mandate. (USCA Order Mandate, ECF No. 3509). On September 4, 2020, this Court spread the mandate on the record and scheduled a new trial for October 19, 2020. (Order Mandate, ECF No. 3511).

On September 8, 2020, the Government filed a Motion to Dismiss pursuant to Fed. R. Crim. P. 48(a). (*See generally* Gov.'s Mot. Dismiss ("MTD"), ECF No. 3512). Specifically, the Government explained that after "review[ing] and evaluat[ing] the evidence relating to defendant Engel against the backdrop of the passage of time and changed circumstances since his 2017 trial" it determined "that dismissal is warranted in the interests of furthering the ends of justice." (*Id*. 4:9–12). The Government further stated it did not intend to re-indict the Defendant for the offense. (*Id*. 4:12–13). On September 9, 2020, the Court granted the Government's Motion and entered an Order dismissing the case with prejudice. (Order, ECF No. 3513). On November 7, 2020, Defendant filed the present Motion for Attorney's Fees. (Mot. Att'ys Fees, ECF No. 3515).

## II.  LEGAL STANDARD

The Hyde Amendment authorizes the award of attorney's fees in a privately defended criminal case to a "prevailing party" where the Court finds that the position of the United States was vexatious, frivolous, or in bad faith. *See United States v. Sherburne*, 249 F.3d 1121, 1126 (9th Cir. 2001). Although modeled after the Equal Access to Justice Act ("EAJA"), the Hyde Amendment has a more demanding burden of proof.

*United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir.), *opinion amended on denial of reh'g*, 326 F.3d 1028 (9th Cir. 2003).

"Whether a party is 'prevailing' is a threshold question for purposes of the Hyde Amendment." *See United States v. Brattin*, No. 2:15-cv-00037, 2016 WL 111184224 at *4 (D. Nev. Nov. 30, 2016) (citation omitted). The Ninth Circuit has interpreted "prevailing party" to mean "one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties." *United States v. Chapman*, 524 F.3d 1073, 1089 (9th Cir. 2008); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002) (defining the terms under the Equal Access to Justice Act); *United States v. Campbell*, 291 F.3d 1169, 1171 (9th Cir. 2002) (extending the *Perez-Arrellano* definition to the Hyde Amendment). The prevailing party must also have "receive[d] at least some relief on the merits of his claim." *Campbell*, 291 F.3d at 1171.

Moreover, the Hyde Amendment places the burden on the defendant in the underlying case to prove that the government's position was either vexatious, frivolous, or in bad faith. *Id*. A defendant need only prove one of the three to recover. *Id*. Because the statute specifically incorporates the filing requirements of the EAJA, an award of attorney's fees is granted pursuant to the procedures and limitations provided for under the EAJA.

### III.  DISCUSSION

The parties dispute whether Defendant was the "prevailing party" pursuant to the Hyde Amendment. Defendant contends that he was the prevailing party at two stages of the litigation: (1) he prevailed on appeal because the Ninth Circuit vacated his conviction, and (2) he prevailed when the Government voluntarily dismissed the remaining charges against him with prejudice. (Mot. Att'ys Fees 1:21–26, 15:25–27, ECF No. 3515); (Reply 2:27–11, ECF No. 3517). In rebuttal, the Government contends that Defendant was not the prevailing party at either stage because neither action substantively adjudicated his guilt or innocence. (Resp.

5:16–6:9, 7:2–11, ECF No. 3516). Therefore, Defendant cannot be said to be the prevailing party when neither action addressed the merits of his claim. (Resp. 5:16–6:9, 7:2–11). The Court will first turn to the Ninth Circuit's decision.

### A.  The Ninth Circuit's Decision

As stated, Defendant first contends that he was the prevailing party when the Ninth Circuit vacated his judgment of conviction. (Mot. Att'ys Fees 1:21–26, 15:25–27); (Reply 2:27–11, ECF No. 3517). To determine whether Defendant is the prevailing party for purposes of the Hyde Amendment, the Court will begin by examining whether the Ninth Circuit's decision awarded Defendant "at least some relief on the merits of his claim." *Campbell*, 291 F.3d at 1171.

On appeal, the Ninth Circuit determined that "the district court's determination of Engel's right to represent himself violated the Sixth Amendment." *Engel*, 968 F.3d at 1052. The *Engel* court further articulated that "a violation of a defendant's Sixth Amendment right to self-representation is a structural error." *Id*. (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177–79 & n.8 (1984). In *United States v. Chapman*, the Ninth Circuit held that the defendants were not prevailing parties even though the district court dismissed the indictment against them to sanction the government for *Brady/Giglio* discovery violations. *Chapman*, 524 F.3d at 1089–90. "The court dismissed the indictment based on the government's failure to disclose documents and the prosecutor's affirmative misrepresentations to the court." *Id*. at 1089. The Ninth Circuit highlighted that the district court never suggested that this prosecutorial misconduct was relevant to the "[d]efendant's guilt or innocence . . . [because] relief was not based on the merits." *Id*. at 1090 (emphasis in original).

Here, the Ninth Circuit's decision did not implicate the merits of Defendant's claims. Instead, the Ninth Circuit vacated Defendant's conviction because the district court committed a "structural" or procedural error in violating Defendant's Sixth Amendment right to self-

representation. *See Engel*, 968 F.3d at 1052.  Thus, as in *Chapman*, Defendant obtained a favorable procedural ruling from the Ninth Circuit that was not relevant to his underlying guilt or innocence.  Accordingly, Defendant is not entitled to Hyde Amendment relief based on the Ninth Circuit's decision because he was not the prevailing party.

### B. The Government's Voluntary Dismissal

Defendant next argues that the Government's voluntary dismissal with prejudice rendered him the prevailing party because he is no "longer subject to prosecution" for the criminal charges brought against him. (Reply 2:23–3:25); (*see also* Mot. Att'ys Fees 15:25–27). "There can be no doubt that a dismissal with prejudice materially alters the legal relationship of the parties, as it precludes the government from bringing a prosecution that it otherwise would be entitled to bring." *Chapman*, 524 F.3d at 1089.  The difficulty arises when determining whether the Government's dismissal provided Defendant "at least some relief on the merits of his claim." *Campbell*, 291 F.3d at 1171.  Here, the Court finds it does not.

As stated above, the Government, in dismissing with prejudice the charges against Defendant, explained that after "review[ing] and evaluat[ing] the evidence relating to defendant Engel against the backdrop of the passage of time and changed circumstances since his 2017 trial" it determined "that dismissal is warranted in the interests of furthering the ends of justice." (MTD 4:9–12).  Defendant contends that the Government's decision is an implicit admission it doubted the sufficiency of evidence and relative strength of its case, because the Government would have re-tried him had it "concluded that the evidence would have been sufficient to convict him once again . . . ." (Reply 3:13–25).  However, the Government's decision to voluntarily dismiss with prejudice the charges against Defendant may rest on any number of factors, the vast majority of which have nothing to do with Defendant's guilt or innocence or whether the Government acted improperly. *See Brattin*, 2016 WL 11184224, at *5 (finding that the defendant was not the prevailing party where the government voluntarily

dismissed the indictment with prejudice after the defendant dismissed his appeal in the first case).

At its core, Defendant's argument is that he was the prevailing party because he obtained his desired relief. (Reply 2:22–3:28). However, the Ninth Circuit "require[s] a prevailing party to have 'received at least some relief *on the merits* of his claim.'" *Id*. (quoting *Campbell*, 291 F.3d at 1172) (emphasis in original). Defendant is not a prevailing party for purposes of the Hyde Amendment because the Government's voluntarily dismissal is not a disposition on the merits. *See Brattin*, 2016 WL 11184224, at *5 (concluding that the defendant was not the prevailing party despite the government voluntarily dismissing the indictment with prejudice because the dismissal "did not constitute relief on the merits of the case"); *United States v. Guron*, No. 1:08-cr-119-01, 2022 WL 2232269, at *5 (W.D. Mich. June 3, 2010) ("[T]he order of dismissal does not determine the merits of defendant's guilt or innocence."). Accordingly, Defendant is not entitled to Hyde Amendment relief, and the Court denies his Motion for Attorney's Fees.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Todd C. Engel's Motion for Attorney's Fees, (ECF No. 3515), is **DENIED**.

**DATED** this __18__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court